UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ANTHONY RHODES,<br><br>             Plaintiff,<br><br>     vs.<br><br>S. SHERMAN,<br><br>             Defendant. | 1:14-cv-00494-AWI-GSA-PC<br>[Kings County Superior Court case #12-C-0319]<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE REMANDED TO KINGS COUNTY SUPERIOR COURT<br>(Doc. 1.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.    BACKGROUND**

This is a civil action filed by plaintiff Troy Anthony Rhodes ("Plaintiff"), a state prisoner proceeding pro se.  This action was initiated by civil Complaint filed by Plaintiff in the Kings County Superior Court on October 29, 2012 (case #12-C-0319).  On January 14, 2014, Plaintiff filed an Amended Complaint, which was served upon defendant Stu Sherman ("Defendant") on March 6, 2014.  (Doc. 1-1 at 2.)  On April 7, 2014, Defendant removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a).[1]  (Doc. 1.)

**II.    SUMMARY OF AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, where the events at issue in the

---

[1] Defendant inadvertently refers to § 1441(b) which concerns removal based on diversity of citizenship.

1

Amended Complaint allegedly occurred.  Plaintiff names as sole defendant Warden Stu Sherman.

The gravamen of Plaintiff's Amended Complaint is that on April 17, 2012, he was transported from SATF to testify as a witness in a court action in Sacramento, California, and when he was returned to SATF on April 25, 2012, prison officials withheld all of his personal and legal property for a month, stripped him of his law library job, changed his housing assignment, and removed him from his work/privilege group, due to Plaintiff's court appearance.  Plaintiff claims that he was subject to retaliation, because he was punished for exercising his right to access the courts.  Plaintiff requests declaratory and injunctive relief and costs of suit.

## III.   REMOVAL AND REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action."  Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action.  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotations and citation omitted).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[2]  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Moore-Thomas v. Alaska Airlines, Inc., 553

---

[2] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

F.3d 1241, 1244 (9th Cir. 2009).  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction."  Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

*Well-Pleaded Complaint*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id.

**IV.    DISCUSSION**

Defendant states that this is a civil action in which "plaintiff alleges violations of his 'constitutionally protected right to court access [and] claims that prison staff retaliated against him for exercising his 'right to court access.'"  (Doc. 1 at 2 ¶1.)  In support of federal jurisdiction, Defendant argue that "[t]his Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 [because Plaintiff's complaint] specifically . . . alleges violations of the First Amendment."  (Id. ¶3.)

As stated above, removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint.  Gully, 299 U.S. at 112.  The court has thoroughly reviewed Plaintiff's Amended Complaint and finds no reference to the United States Constitution, treaties, or any federal law, except in one instance where Plaintiff inserts a quote from a Ninth Circuit case, to demonstrate that "courts at all levels have found that prison officials may not retaliate against an inmate for exercising his right to court access:

> '[I]t has long been established beyond doubt that prisoners have a constitutional right of access to the courts.  A prisoner's right to meaningful access to the courts, along with his broader right to

> government for a redress of his grievances under the First Amendment, precludes prison authorities from penalizing a prisoner for exercising those rights.' Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)." (Doc 1-1 at 8:18-27.)

Plaintiff's use of this quote as an illustration, without more, is not enough to confer federal jurisdiction. Throughout the Amended Complaint, Plaintiff bases his claims on California law and regulations used by the CDCR, including 15 CCR § 3160(a) which provides that "[i]nmate access to courts shall not be obstructed" and "[s]taff shall not in any way retaliate against or discipline any inmate for initiating or maintaining a lawsuit." (Doc. 1-1 at 8.) Both federal and state law contain protections against violations of civil rights and retaliation, and "[a]ccess to the courts is indeed a right guaranteed to all persons by the federal and state Constitutions. It is regarded as arising from the First Amendment right to petition the government for redress of grievances [citations], a right also protected by article I, section 3 of the California Constitution." Baba v. Board of Sup'rs of City and County of San Francisco, 124 Cal.App.4th 504, 525, 21 Cal.Rptr.3d 428, 444 (2004) (quoting Jersey v. John Muir Medical Center, 97 Cal.App.4th 814, 821, 118 Cal.Rptr.2d 807 (2002)). Under these facts, the nature of Plaintiff's Amended Complaint on its face creates doubt as to the right of removal in the first instance. Plaintiff has not based any of his claims in the Amended Complaint on federal law and as stated above, Plaintiff is the master of his own complaint and is free to rest his claims solely on state causes of action. See The Fair, 228 U.S. at 25. For these reasons, the court finds that Plaintiff's Amended Complaint does not present a claim arising under federal law to warrant subject matter jurisdiction, and therefore the instant action does not implicate a federal interest sufficient to sustain removal of the action to federal court.

## V.     CONCLUSION AND RECOMMENDATIONS

The court finds that the federal court lacks jurisdiction over Plaintiff's Amended Complaint and the action is not removable. Accordingly, IT IS HEREBY RECOMMENDED that:

1.   This action be remanded to the Kings County Superior Court; and

2.   The Clerk be directed to close the case and serve notice of the remand.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 11, 2014**                    **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE